**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **LESTINE POWELL o/b/o ANTHONY COLBERT** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**MICHAEL J. ASTRUE,** )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____)  | Civil Action No. TMD 08-0840 |

<u>MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

Anthony Colbert, through his mother, Lestine Powell, ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No 9) and Defendant's Motion for Summary Judgment. (Paper No. 14). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

**I. Procedural History**

Plaintiff filed his application for SSI on March 26, 1998 alleging disability on the basis of a learning disability. R. at 129, 130-35, 145. Following an administrative hearing, Plaintiff's claim for benefits was approved by decision dated May 24, 1999. R. at 45-53. On August 2,

2001, the Social Security Administration informed Plaintiff that his case was being reviewed. R. at 82-83.  Subsequently, on December 19, 2001, Plaintiff was informed that he was no longer eligible for benefits because his health had improved and he no longer met the disability requirements as of December 1, 2001.  R. at 84-86.  Plaintiff requested reconsideration of the cessation of his benefits.  R. at 89.  The Hearing Officer reaffirmed the decision that Plaintiff was no longer disabled.  R. at 105-14.

Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 118, which was held on July 17, 2003.  R. at 24-39.  On August 14, 2003, the ALJ affirmed the cessation of benefits decision.  R. at 14-22.  On September 11, 2003, Plaintiff requested a review by the Appeals Council, R. at 12, 13, which affirmed the decision of the ALJ.  R. at 7-8. Plaintiff then appealed to this Court which remanded the case for further proceedings.  R. at 450. The Appeals Council issued a "Notice of Order of Appeals Council Remanding Case to Administrative Law Judge."  R. at 454-57.  A supplemental hearing was held on August 22, 2007.  R. at 576-621.  By decision dated January 23, 2008, the ALJ again denied benefits to Plaintiff, R. at 428-44, which became the final decision of the Commissioner subject to judicial review.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

Additionally, when the cessation of benefits is at issue, as here, the central question is whether the claimant has experienced "medical improvement" which is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable decision that you were disabled or continued to be disabled." 20 C.F.R. § 416.994a. There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-287 n. 1 (6th Cir.1994). With respect to evaluating a child's medical improvement, the ALJ applies the procedures that are outlined in 20 C.F.R. § 416.994a. First, there is a determination made as to whether medical improvement has been demonstrated in the impairments which formed the basis for the disability determination at the "comparison point decision" or "CPD". If there is no medical improvement, it would be determined that the childhood disability is continuing. If there is medical improvement, then at step two, a determination must be made as to whether the impairment(s) meets or medically equals the severity of the Listed Impairment it met or equaled at the time of the CPD. If this is found not to be true, then at step three, an examination of the issue of whether the child remains disabled

must be made, considering the child's current impairments. This is done pursuant to 20 C.F.R. § 416.924(c) and (d) and resembles the typical adult disability step analysis, involving a determination of whether the impairment or combination of impairments is severe; if severe, whether the impairment meets or medically equals a listed impairment; and if not, whether the impairment or combination of impairments is functionally equivalent to a Listing. *See* 20 C.F.R. §§ 924(c); 416. 994a (b)(3)(i). In determining functional equivalence, an assessment of six broad areas of functioning called "domains" is performed. They are (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (5) health and physical well being. 20 C.F.R. § 416.926a(b)(1). Listing level severity is met where a claimant has "marked" limitation" in two of the domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). If the child's current impairment(s) functionally equals a listing, disability continues. If it does not, disability has ended.

Applying these procedures, the ALJ found that medical improvement occurred as of December 1, 2001. R. at 435. He first found that the most recent favorable medical decision finding Claimant disabled was March 24, 1999 which served as the CPD. R. at 434. At this time, Claimant was found to have ADHD and a learning disorder which met Listings 112.08 and 112.12. The ALJ noted that Listing 112.08 referred to personality disorders and there was no diagnosis of a personality disorder in the record. He further recognized that Listing 112.12 related to developmental and emotional disorders for newborns and infants although Claimant was nine years old at the time of the application. Despite noting that the basis of the prior disability decision was (most probably) erroneous, he concluded that the decision of disability

4

was correct. R. at 435.

The ALJ went on to find that the impairments considered at the CPD were the only impairments that existed at that time. He further found that since December 1, 2001, Claimant had a severe disorder: mixed receptive-expressive language disorder but that he did not have an impairment or combination of impairment that met or medically equaled a listing. Evaluating the six domains, the ALJ concluded that Claimant did not have a marked limitation in two domains or an extreme limitation in any one domain. Accordingly, the ALJ found that Claimant's impairments did not functionally equal a Listing since December 1, 2001; and therefore Claimant's disability ended as of that date. R. at 431-44.

## V. Discussion

### A. Order of Appeals Council

As mentioned above, the Appeals Council issued a Notice of Order pursuant to the Order of this Court. In that notice, the Appeals Council cited various issues with the record upon which it indicated that the issue of medical improvement was unclear. R. at 456. The Appeals Council directed the ALJ to (1) obtain additional evidence from treating sources concerning Claimant's impairments including a consultative examination and secure updated records from Claimant's school regarding his performance and level of functioning; (2) if available, obtain evidence from a medical expert to clarify the nature and severity of the Claimant's impairments; "[i]n particular, the medical expert will determine whether the claimant's impairments meet, medically equal, or functionally equal the severity of [a Listed] impairment . . . ; and (3) further evaluate the medical improvement of the Claimant's impairments and provide rationale with specific reference to the evidence of record as to

5

whether the Claimant has marked and severe limitations due to impairments which meet, medically equal or functionally equal a Listed impairment. R. at 457.

Plaintiff's only argument is that the ALJ did not follow the Order of the Appeals Council. Specifically, he asserts that although the ALJ obtained the testimony of a medical expert, that expert did not provide any testimony regarding whether Claimant's conditions met or medically equaled a listed impairment. R. at 602-15. Plaintiff also asserts that the ALJ did not inquire into whether he had demonstrated a limitation of function in any area of function required to be evaluated to determine functional equivalence to a listed impairment. In addition, Plaintiff asserts that although the ALJ obtained a consultative psychological examination, the examiner did not evaluate Claimant in the domains of function pertinent to this case for a child's supplement security income benefits. Interestingly, Plaintiff does not dispute any of the ALJ's actual findings; only that he did not precisely follow the Order of the Appeals Council.

20 C.F.R. § 416.1477(b) states that on remand, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal's Council remand order." Nevertheless, the Commissioner's "final decision denying benefits must be affirmed unless the findings are based on legal error or are unsupported by substantial evidence." *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (*citing Mayes v. Massanari,* 276 F.3d 453, 458-459 (9th Cir.2001)); *Gallegos v. Apfel*, No. 97-2267, 1998 WL 166064, at *1 (10th Cir. April 10, 1998); *Wilkins v. Barnhart*, No. 02-4302, 2003 WL 21462579, at * 3 (7th Cir. 2003); *Fajardo v. Astrue*, No. CV 08-01615, 2010 WL 273168, at * 3 (C.D. Cal. Jan. 14, 2010) ("regardless of whether the ALJ fully complied with the Appeals Council's remand order,

6

judicial review is limited to the question whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards"). Therefore, as we have previously held, regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question of whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards. *See, e.g., Jose Fuentes v. Astrue,* Civil Action No. TMD 07-2007, (D. Md. Aug. 18, 2008). Moreover, the Court finds that this is not a case where the ALJ wholly, or even partially, ignored the Order of the Appeals Council. It is quite clear from a review of the record subsequent to that Order that the ALJ took the action directed by the Appeals Council, obtained additional needed medical evidence and evaluated the record as a whole in order to make his decision.

As mentioned above, the ALJ determined that since December 1, 2001, Claimant had a mixed receptive-expressive language disorder which was severe, but did not meet, medically or functionally equal any listed impairment. Specifically, in evaluating that six domains noted above, the ALJ found that Claimant had (1) less than marked limitation in acquiring and using information; (2) no limitations in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving and manipulating objects; (5) no limitation in ability to care for himself; and (5) no limitation in health and physical well being as a result of the impairments present at CPD. R. at 438-43. The ALJ's decision is supported by substantial evidence.

In making his findings, the decision demonstrates that the ALJ considered the testimony of Claimant and his mother, the medical evidence in the record, the testimony of Dr. Ansell and

the findings of consultative examiners, Drs. Htun and Donnelly. R. at 436. With respect to acquiring and using information, the regulations indicate that this domain considers how well a child is able to acquire or learn information and how well he uses the information he has learned. *See* 20 C.F.R. 416.962a(g). The ALJ found that Claimant had less than marked limitations in this area. R. at 439. He relied upon testing performed by psychologist Mary M. Donnelly, Ph.D which demonstrated scores in the average range except for working memory which was at the borderline level. R. at 439, 569. While acknowledging that Claimant is limited in this domain based on his language disorder, the ALJ again found that this limitation was not marked, in part, based on his participation in honors and advanced placement classes in school. This was also acknowledged in the testimony of Dr. Ansell at the supplemental hearing who indicated that it would be "unconscionable" for Claimant to be placed in these accelerated classes if the school officials did not believe he belonged in them. R. at 439, 584, 609. The ALJ also supported his finding of less than marked limitation in acquiring and using information based on the opinion of a state agency non-examining physician. R. at 408, 437. *See also* R. at 555 (report of Dr Saw Htun who indicated he did not see "any problems of acquiring and using information . . ."). In addition, the ALJ noted Claimant's work history which included bagging groceries, parcel pick up and a cashier. R. at 439, 581-82; *see* 20 C.F.R. 416.926a(g)(2)(v) ( a child should be able to use and apply skills learned in school in a practical way that will help him enter the workplace after finishing school). The ALJ's finding in this domain is clearly supported by substantial evidence.

With respect to attending and completing tasks, the regulations indicate that the focus is on how well a child is able to focus and maintain attention, and how well he is able to begin,

8

carry through, and finish activities. 20 C.F.R. 416.926a(h). The ALJ's finding that Claimant had no limitation in this area is also supported by substantial evidence. Dr. Htun found Claimant to be attentive and cooperative during his May, 2006 examination. R. at 554. He remained focused during reading and arithmetic questions and did not get distracted. R. at 440, 555. He was able to complete the tasks correctly and in a timely fashion. R. at 555. The ALJ also relied upon the October, 2006 psychological testing by Dr. Donnelly who found Claimant to be cooperative, compliant and pleasant to work with. R. at 440, 567.

The next domain, interacting and relating to others, considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism and respect and take care of the possessions of others. 20 C.F.R. 416.926a(i). The ALJ found less than marked limitation in this domain. R. at 441. He based his finding on Dr. Donnelly's opinion that he had only a slight limitation in dealing with the public. R. at 441, 574. Dr. Donnelly found, however, that Claimant had a marked limitation interacting appropriately with supervisors. R. at 441, 574. The ALJ gave this opinion little weight based on evidence that demonstrated he worked for two different companies, that Claimant himself and his mother indicated he got along well with others, R. at 441, 555, and that Claimant was courteous to Dr. Htun and his staff and found no problem in this domain. R. at 441, 556. While the ALJ noted the evidence which indicated Claimant had limited social contact and that he was sometimes teased at school R. at 441, 570, 610-11, his finding that "on balance", Claimant had less than marked limitation in this domain is supported by substantial evidence.

The ALJ found no limitation in the next domain, moving about and manipulating objects

9

which focuses on the child's gross and fine motor skills. R. at 442. No limitation was alleged in this area. R. at 442; *see also* R. at 556 (Dr. Htun reporting no problems with gross or fine motor skills); R. at 582 (Claimant's testimony that he was running track at school).

The ALJ also found no limitation in the domain of caring for yourself which considers how well a child maintains a healthy emotional and physical state. 20 C.F.R. 416.926a(k). The record contains substantial evidence supporting this finding including Claimant's ability to care fort his own personal needs, use public transportation, groom and dress himself. R. at 443, 554, 556.

The last domain, health and physical well being, considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's functioning that were not considered in the evaluation of the ability to move about and manipulate objects. 20 C.F.R. 416.926a(l). The ALJ found no limitation in this area based on the fact that he is a well developed teenager with above average build, no physical symptoms, normal functioning of all body systems, physically active and participates in sports including basketball, football and track. R. at 443, 555-56. Again, his finding is supported by substantial evidence.

Finally, as mentioned above, Plaintiff only argues that the ALJ did not precisely follow the dictates of the Order of the Appeals Council. The ALJ indeed obtained the testimony of a medical expert from whose testimony it is clear that Claimant did not meet either of the Listings which Claimant was previously found (perhaps incorrectly) to have met. R. at 603. In addition, he testified that claimant suffered from mild to moderate impairment of social functioning and that his language difficulties do affect his learning, response to instructions and dealing with the

public, and interacting with supervisors, and co-workers. R. at 610 . He further indicated that Claimant "may very well" have problems in communicative functioning that fall into a marked category. R. at 611. However, Dr. Ansell's testimony, when viewed in connection with the other evidence in record discussed above, clearly demonstrates Claimant's impairments are not functionally equivalent to a Listing. Finally, the ALJ obtained a consultative psychological evaluation as ordered by the Appeals Council. R. at 457, 566-75. Indeed, as discussed above, the ALJ evaluated and credited the evaluation to the extent the findings were supported by the record. R. at 439.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: August 17, 2010 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692